AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of Maryland

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Ryan Dark White | ) | Case No. **15-2094 JMC** |
| | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  October 5, 2015  in the county of  Baltimore  in the
_____  District of  Maryland , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Possession with intent to distribute hydrocodone and oxycodone |
| 18 U.S.C. § 922(g)(1) | Felon in possession of ammunition |

FILED ___ ENTERED
LOGGED ___ RECEIVED
OCT 06 2015
AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

SA Troy Yeager, HHS-OIG
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 10/6/15

City and state: Baltimore, MD

_____
*Judge's signature*

Hon. J. Mark Coulson
*Printed name and title*

# AFFIDAVIT OF E. TROY YEAGER IN SUPPORT OF CRIMINAL COMPLAINT

## I. AFFIANT AND EXPERTISE

1. I, Special Agent E. Troy Yeager, am an investigative or law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in 18 U.S.C. § 2516.

2. I am a Special Agent with the United States Department of Health and Human Services, Office of Inspector General (HHS-OIG). I have been a sworn member of HHS-OIG since November 2001. I am currently assigned to the Drug Enforcement Administation (DEA) Tactical Diversion Squad (TDS). DEA-TDS is responsible for investigating federal and state violations relating to the diversion of pharmaceutical narcotics.

3. I have a bachelor's degree in criminal justice from Northeastern University. I successfully completed the Criminal Investigator Training Program at the Federal Law Enforcement Training Center ("FLETC") and the Inspector General Investigator Training Program at the FLETC. In April 2009, I completed National Association of Drug Diversion Investigators Basic Diversion School. In July 2015, I completed a Continuing Legal Education Training Program.

4. I submit this affidavit in support of an application for a criminal complaint against the following individual:

a. **Ryan Dark WHITE**, white male, 6' 0'', 230, bald, blue eyes. WHITE resides at 5211 Daybrook Circle, Apartment No. 431, Rosedale, MD 21237.



## II. PROBABLE CAUSE

### DEA Learns of Prescriptions Written for White by Dr. Ginnandrea

5. This investigation began in January 2013, when DEA-TDS received a complaint from a source of information that Dr. Paul Frank Ginnandrea was overprescribing Oxycodone. Dr. Ginnandrea is registered with the DEA to prescribe Schedule II through Schedule V controlled substances under DEA registration number AG8972766.

6. After receiving the above-referenced complaint, I searched Medicare records for prescriptions provided by Dr. Ginnandrea. Medicare records indicate that from September 2011 though February 2014, Ginnandrea typically prescribed White 1,800 Oxycodone 30 mg pills per month, for a total of 59,310 dosage units. Similarly, from August 2014 through September 2015,

2

Ginnandrea prescribed White 1,500 Zohydro 50 mg pills per month, for a total of 20,850 dosage units. Medicare records indicate that they have paid approximately $142,911 for Schedule II narcotics prescriptions prescribed for White by Ginnandrea. Medicare records also indicate that they have paid $4,189 for medical services provided to White by Ginnandrea. I know that Medicare is a federally funded health care benefit program that provides services for the elderly and disabled.

7. On July 7, 2015, I reported to Towson Health Mart Pharmacy, where from August 2014 through September 2015 White filled monthly prescriptions for 1,500 Zohydro 50 mg pills. Pharmacy staff advised that they were initially hesitant to fill the prescriptions due to the large quantity prescribed. Pharmacy staff contacted Dr. Ginnandrea, who advised that he was treating White for Amyotrophic Lateral Sclerosis (ALS, a/k/a/ Lou Gehrig's disease), so they agreed to fill the prescriptions. Pharmacy staff advised that a couple of days prior to the July 7 interview, White had presented a prescription for 1,800 Oxycodone 30 mg pills prescribed by Dr. Ginnandrea, which they refused to fill. During that visit, White told pharmacy staff that Zohydro no longer worked for him because the formula was changed. Pharmacy staff advised that they were aware that Zoyhydro's formula was recently changed so that it can no longer be crushed to get an immediate high, making it more difficult to abuse.

**DEA Conducts Surveillance of White**

8. On July 20, 2015, law enforcement conducted physical surveillance of White. During the course of that surveillance, officers observed White and his live-in girlfriend, Ildiko Hudgins, entering White's vehicle outside his apartment complex at 5211 Daybrook Circle in Rosedale, MD. Officers later observed White entering and exiting the BP gas station in Nottingham, MD. At the time, the officers noted that White was walking without the assistance

3

of a cane. Later the same day, however, officers observed White entering and exiting Towson Health Mart Pharmacy. White was using canes to assist with walking, was walking very slowly, and appeared to be unstable and in pain. Pharmacy staff advised that White had dropped off a prescription for 1,500 Zohydro 50 mg pills, which was prescribed to White by Dr. Ginnandrea.

9. On August 12, 2015, law enforcement conducted additional surveillance of White.[1] Prior to surveillance, pharmacy staff contacted White to advise him that his prescription was ready for pick-up. Surveillance observed White and Hudgins enter White's vehicle outside his apartment complex, which, as noted above, is located at 5211 Daybrook Circle in Rosedale, MD. At the time, White was not using a cane to assist with walking. Officers later followed White to Towson Health Mart Pharmacy, where he retrieved a partial fill (approximately 900 pills) of a prescription that he previously presented for 1,500 Zohydro 50 mg pills. While entering and exiting the pharmacy, White was using canes to assist with walking, was walking very slowly, and appeared to be unstable and in pain. Later the same day, officers observed White park at the White Marsh Mall and walk the entire outer loop of the parking lot. At the time, White was not using a cane to assist with walking and appeared to be walking for exercise.

10. Officers conducted additional surveillance of White on September 23, 2015. Prior to surveillance, pharmacy staff at Towson Health Mart Pharmacy contacted White to advise him that his prescription was ready for pick-up. Later on September 23, officers observed White at the medical practice of Dr. Ginnandrea (The Bergand Group), which is located at 1300 York Road, Building C, No. 300, Lutherville, MD 21093. While entering and exiting the building,

---

[1] By this point in time, law enforcement was utilizing a GPS tracking device to monitor the location of White's vehicle. This Court issued a warrant authorizing the installation and monitoring the device on July 17, 2015. Officers installed the device on July 27, 2015. On August 26, 2015, this Court issued a second warrant authorizing the continued use and monitoring of the device.

White was using canes to assist with walking, was walking very slowly, and appeared to be unstable and in pain. Officers later observed White at Towson Health Mart Pharmacy, where he filled a prescription for 1,500 Zohydro 50 mg pills. (White dropped off an identical prescription during the same visit). While entering and exiting the pharmacy, White was using canes to assist with walking, was walking very slowly, and appeared to be unstable and in pain. Later the same day, however, officers observed White shopping—and walking without a cane—at the MOM Organic Market in the Yorkridge Shopping Center in Lutherville, MD.

**DEA Executes Search Warrants for White's Residence, Vehicle, and Cellular Phone**

11. On October 2, 2015, United States Magistrate Judge Stephanie A. Gallagher signed search warrants for (i) White's residence, which is located at 5211 Daybrook Circle, Apartment No. 431, Rosedale, MD 21237; (ii) White's vehicle, a 2009 Hyundai registered to Hudgins and bearing Maryland registration 1FGF46, as well as VIN number KMHCM36C9U129661; and (iii) White's cellular telephone, bearing call number 443-600-4287 and ISMI No. 310260577653031. DEA executed the search warrants on October 5, 2015.

12. While searching White's residence, officers recovered, among other items, 420 rounds of Magtech .45 Colt ammunition, as well as four rounds of Winchester .410 gauge rifled slug hollow point ammunition.[2] The officers also recovered approximately 9,500 Zohydro 50 mg pills, approximately 4,000 Zohydro 30 mg pills, and approximately 500 Oxycodone 80 mg pills. The officers further recovered packaging material (plastic bags) from a box in which some

---

[2] The officers also found seven handguns and a starter pistol. DEA believes that some or all of the handguns may be "black powder," muzzle-loading guns, which the defendant may not be prohibited from possessing under federal law. DEA, with the assistance of ATF, is attempting to determine whether the handguns qualify as "firearms" under federal law, particularly insofar as one or more of the handguns may have been modified to use conventional ammunition. For these reasons, the government is not seeking to charge White with possession of *firearms* by a prohibited person (as distinct from possession of *ammunition* by a prohibited person) at this time.

of the Zohydro pills were found. A picture of the pills recovered from White's residence appears below.



13. I have reviewed White's criminal history, and I have determined that on March 4, 2010, in Harford County Circuit Court, White pled guilty to one count of possession with intent to distribute a controlled dangerous substance. He received a sentence of 10 years imprisonment, with all but five months, 19 days suspended, followed by two years of supervised probation.

### III. CONCLUSION

14. Based on the information set forth in this affidavit, I submit that there is probable cause to believe that:

    a. On or about October 5, 2015, White knowingly, intentionally and unlawfully possessed with intent distribute a quantity of a mixture or substance

6

containing a detectable amount of hydrocodone, as well as a quantity of a substance or mixture containing a detectable amount of oxycodone, both of which are Schedule II controlled substances, in violation of 21 U.S.C. § 841(a)(1).

b. On or about October 5, 2015, having previously been convicted of a crime punishable by imprisonment exceeding one year, White knowingly possessed ammunition in and affecting interstate commerce, specifically 420 rounds of Magtech .45 Colt ammunition, as well as four rounds of Winchester .410 gauge rifled slug hollow point ammunition, in violation of 18 U.S.C. § 922(g)(1).

_____
Special Agent E. Troy Yeager
HHS-OIG

Sworn to before me this 6 day of October, 2015 at 11:00 hours.

_____
The Honorable J. Mark Coulson
United States Magistrate Judge

7