PJM:USAO#2015R00498

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2015 OCT 15 PM 3: 32

CLERK'S OFFICE
AT BALTIMORE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | UNDER SEAL |
| v. | CRIMINAL NO. JKB-15-0545 |
| RYAN DARK WHITE, | (Possession with Intent to Distribute Hydrocodone and Oxycodone, 21 U.S.C. § 841(a)(1); Felon in Possession of Ammunition, 18 U.S.C. § 922(g)(1); Aiding and Abetting, 18 U.S.C. § 2) |
| a.k.a. Jonathan Ambrose McGreevy, | |
| Defendant. | |

.oOo.

## INDICTMENT

### COUNT ONE

The Grand Jury for the District of Maryland charges that:

On or about October 5, 2015, in the District of Maryland, the defendant,

**RYAN DARK WHITE,**
**a.k.a. Jonathan Ambrose McGreevy,**

did knowingly and intentionally possess with intent to distribute a mixture or substance containing a detectable amount of hyrdrocodone, a Schedule II controlled substance; as well as a quantity a mixture or substance containing a detectable amount of oxycodone, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

21 U.S.C. § 841(a)(1)
18 U.S.C. § 2

## COUNT TWO

The Grand Jury for the District of Maryland further charges that:

On or about October 5, 2015, in the District of Maryland, the defendant,

**RYAN DARK WHITE,**
**a.k.a. Jonathan Ambrose McGreevy,**

having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess ammunition in and affecting interstate commerce, specifically 420 rounds of Magtech .45 Colt ammunition and four rounds of Winchester .410 gauge rifled slug hollow point ammunition, in violation of Title 18, United States Code, Section 922(g)(1).

18 U.S.C. § 922(g)(1)
18 U.S.C. § 2

## FORFEITURE

The Grand Jury further finds that:

1. Upon conviction of the controlled substance offense alleged in Count One of this Indictment, the defendant shall forfeit to the United States of America any property constituting or derived from, proceeds obtained, directly or indirectly, as a result of, and any property used, or intended to be used, in any manner or part to commit or facilitate the commission of such violation.

2. If any of the property described above, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third party;
   c. has been placed beyond the jurisdiction of the Court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property.

3. Upon conviction of the ammunition offense set forth in Count Two of this Indictment, the defendant shall forfeit to the United States the ammunition identified in Count Two and involved in that offense.

21 U.S.C. § 853; 28 U.S.C. § 2461(c); Fed. R. Crim. Proc. 32.2(a); 18 U.S.C. § 924(d).

_____
ROD J. ROSENSTEIN
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

_____
Foreperson

Date: __10/15/15__