```
1               IN THE UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF MARYLAND
2

3   UNITED STATES OF AMERICA,        )
                                     )
4            Plaintiff,              )
         vs.                         )
5                                    ) CRIMINAL NO.: JKB-15-0545
    RYAN DARK WHITE,                 )              JKB-16-0172
6                                    )
             Defendant.              )
7                                    )
    _____)
8

9                    Transcript of Proceedings
                Before the Honorable James K. Bredar
10                   Friday, April 22nd, 2016
                       Baltimore, Maryland
11

12  For the Plaintiff:

13       Peter J. Martinez, AUSA

14

15  For the Defendant:

16       Christopher J. Purpura, Esquire

17

18  Also Present:  Melissa McGuiness, U.S. Probation

19

20

21

22
    _____
23
                   Christine T. Asif, RPR, FCRR
24                Federal Official Court Reporter
                  101 W. Lombard Street, 4th Floor
25                  Baltimore, Maryland 21201
```

```
1                    P R O C E E D I N G S

2            THE COURT:  Good morning.  Be seated, please.

3            Mr. Martinez, you may call the two cases pending

4    before the Court this morning.

5            MR. MARTINEZ:  Good morning, Your Honor, pending

6    before the Court are criminal case number JKB-15-545, as well

7    as JKB-16-0172.  Those are both captioned United States versus

8    Ryan Dark White.  We're here this morning for a re-arraignment

9    in both cases.  Peter Martinez for the Government.

10            THE COURT:  Thank you.  Good morning, Mr. Purpura.

11            MR. PURPURA:  Judge Bredar, good morning.  Chris

12    Purpura on behalf of Ryan White in both matters.  He stands to

13    my right.

14            THE COURT:  Thank you.  And, sir, are you Ryan

15    White?

16            THE DEFENDANT:  Yes.

17            THE COURT:  Good morning to you.  Would your client

18    be more comfortable sitting, Mr. Purpura?

19            MR. PURPURA:  I think so, Your Honor.

20            THE COURT:  All right.  You may sit through the

21    proceeding.

22            THE DEFENDANT:  Thank you, Your Honor.

23            THE COURT:  Okay.  In 172 a two-count indictment was

24    filed against the defendant on October 15th, 2015.  The

25    defendant appeared before a magistrate judge of this court,
```

1    entered a not guilty plea on December 4th of 2015.  It's my

2    understanding that today the defendant wishes to change his

3    plea on Count 2 and plead guilty in that case.  Is that your

4    understanding, Mr. Purpura?

5              MR. PURPURA:  Your Honor, just that's case number

6    ending in 545.

7              THE COURT:  All right.  I've already transposed the

8    numbers.  Everything I've just said relates to 15-545; is that

9    correct?

10             MR. PURPURA:  Correct.  Yes, Your Honor.

11             THE COURT:  And then in 16-0172, the parties propose

12   that the defendant plead guilty to an information today.  Is

13   that right, Mr. Purpura?

14             MR. PURPURA:  Yes, Your Honor.

15             THE COURT:  And so, Mr. White, have you reviewed

16   this document titled "Waiver of Indictment"?

17             THE DEFENDANT:  Yes, Your Honor.

18             THE COURT:  Was that a yes?

19             THE DEFENDANT:  Yes, Your Honor.

20             THE COURT:  Okay.  Do you understand your right to

21   be charged only by way of grand jury indictment for this

22   felony -- on this felony charge?

23             THE DEFENDANT:  Yes.

24             THE COURT:  And nonetheless you want to waive that

25   right and permit the government to proceed against you only by

1    way of information; is that right?

2         THE DEFENDANT:  Correct.

3         THE COURT:  Mr. Purpura, you've counseled your

4    client in this regard?

5         MR. PURPURA:  We have, Your Honor.

6         THE COURT:  Do you feel that he understands his

7    rights?

8         MR. PURPURA:  Yes, Your Honor.

9         THE COURT:  The waiver of indictment in 16-0172 is

10   acknowledged and made part of the record in this case.  And

11   the information that the government proposes to file in

12   16-0172 is accepted for filing.  It is now of record as the

13   charging document in that case.

14        Please swear the defendant.

15        THE CLERK:  Sir, you can be seated.

16        THE COURT:  You can stay seated.  Just raise your

17   right hand.

18        (Defendant sworn.)

19        THE DEFENDANT:  Yes.

20        THE CLERK:  Thank you.

21        THE COURT:  Please state your full name for the

22   record?

23        THE DEFENDANT:  Ryan Dark White.

24        THE COURT:  When were you born?

25        THE DEFENDANT:  XX/XX/68.

1           THE COURT:  How old are you now?

2           THE DEFENDANT:  48.

3           THE COURT:  Have you received a copy of the

4     indictment that was returned against you in 15-0545?

5           THE DEFENDANT:  Yes.

6           THE COURT:  Have you received a copy of the

7     information filed against you in 16-0172?

8           THE DEFENDANT:  Yes.

9           THE COURT:  Count 2 of the indictment in 15-0545

10    reads as follows:  The Grand Jury for the District of Maryland

11    further charges that on or about October 5, 2015, in the

12    District of Maryland, the defendant, Ryan Dark White, a/k/a

13    Jonathan Ambrose McGreevy, having previously been convicted of

14    a crime punishable by imprisonment by a term exceeding one

15    year, did knowingly possess ammunition in and affecting

16    interstate commerce, specifically 420 rounds of Magtech .45

17    Colt ammunition and four rounds of Winchester .410 gauge

18    rifled slug hollow point ammunition, in violation of Title 18,

19    united States Code, Section 922(g)(1).

20          How do you plead to that charge?

21          THE DEFENDANT:  Guilty.

22          THE COURT:  Guilty or not guilty?

23          THE DEFENDANT:  Guilty, Your Honor.

24          THE COURT:  With respect to the information in

25    16-0172.  United States Attorney for the District of Maryland

1    charges that, from in or about September 11 up to and

2    including September 2015, in the District of Maryland, Ryan

3    Dark White, the defendant herein, did knowingly and willfully

4    execute, or attempt to execute, a scheme or artifice to

5    defraud and obtain, by means of false and fraudulent

6    pretenses, representations, or promises, any of the money or

7    property owned by, or under the custody or control of a health

8    care program, namely Medicare insurance plan in the amount of

9    $142,911, in connection with the delivery of, or payment for,

10   health care benefits, items or services, in violation of Title

11   18 of the United States Code, Section 1347.

12           How do you plead to that charge guilty or not

13   guilty?

14           THE DEFENDANT:  Guilty, Your Honor.

15           THE COURT:  Before I can accept your guilty pleas in

16   these two charges, I must ask you a series of questions and

17   consider the answers that you give me in response to those

18   questions.  So please listen carefully.  Respond as best

19   you're able.  If at any time you need to stop and speak to

20   your lawyer, just indicate that you need a moment to do that

21   and we will stop and allow you to confer with him.

22           Do you understand that you're now under oath, and

23   that if you answer any of my questions falsely, your answers

24   may be later used against you in another prosecution for

25   perjury or making a false statement?

1          THE DEFENDANT:  Yes I do.

2          THE COURT:  How far did you go in school?

3          THE DEFENDANT:  College.

4          THE COURT:  Having any difficulty understanding me?

5          THE DEFENDANT:  No, sir.

6          THE COURT:  Have you been treated recently for any

7     mental illness or drug addiction or alcohol addiction?

8          THE DEFENDANT:  No.

9          THE COURT:  Are you currently under the influence of

10    any drug, medication, or alcoholic beverage of any kind?

11         THE DEFENDANT:  No, I'm not.

12         THE COURT:  Mr. Purpura, any question in your mind

13    as to whether or not your client's competent to proceed today?

14         MR. PURPURA:  No, Your Honor.

15         THE COURT:  Mr. White, have you fully discussed the

16    charges in the indictment and in the information and the cases

17    in general with your attorney?

18         THE DEFENDANT:  Yes, I have.

19         THE COURT:  Are you satisfied with the legal

20    representation that you've received from your lawyer?

21         THE DEFENDANT:  Yes.

22         THE COURT:  Do you believe that he's given you good

23    advice?

24         THE DEFENDANT:  Yes.

25         THE COURT:  Do you believe that your lawyer has been

1    a zealous and effective legal advocate on your behalf?

2                  THE DEFENDANT:  Yes, I do.

3                  THE COURT:  Mr. Martinez and Mr. Purpura, I

4    understand there's a plea agreement in the case; is that

5    correct?

6                  MR. MARTINEZ:  That's correct, Your Honor.

7                  MR. PURPURA:  Yes, Your Honor.

8                  THE COURT:  It will be marked as the Government's

9    Exhibit No. 1 and filed in both cases, that is in 15-545 and

10   16-0172, at the conclusion of this proceeding.

11                 Directing everyone's attention to page 9 of that

12   document.  Mr. Martinez, you signed there and bound the

13   government to its terms?

14                 MR. MARTINEZ:  I did, Your Honor.

15                 THE COURT:  Turning over to page 10.  Mr. White,

16   please read to me the paragraph that immediately precedes your

17   signature on this page.

18                 THE DEFENDANT:  I have read this agreement,

19   including the sealed supplement, and I have carefully reviewed

20   every part of it with my attorney.  I understand it and I

21   voluntarily agree to it.  Specifically, I have reviewed the

22   factual and advisory guidelines stipulation with my attorney.

23   And I do not wish to change any part of it.  I'm completely

24   satisfied with the representation of my attorney.

25                 THE COURT:  Is that your statement, sir?

1          THE DEFENDANT:  Yes.

2          THE COURT:  Is it true?

3          THE DEFENDANT:  Yes, it is.

4          THE COURT:  Did you sign afterwards to indicate you

5     adopt it?

6          THE DEFENDANT:  Yes.

7          THE COURT:  Mr. Purpura, you signed the plea

8     agreement as well, after the standard statement for defense

9     counsel in this context; is that right?

10          MR. PURPURA:  Yes, Your Honor.

11          THE COURT:  So, Mr. White, did you have an

12     opportunity to read and discuss the plea agreement with your

13     lawyer before you signed it?

14          THE DEFENDANT:  Yes, I did.

15          THE COURT:  Have you fully reviewed each and every

16     term of that plea agreement with your lawyer?

17          THE DEFENDANT:  Yes.

18          THE COURT:  Do you understand your plea agreement?

19          THE DEFENDANT:  Yes, I do.

20          THE COURT:  Under the terms of the plea agreement, I

21     understand that you've agreed to plead guilty to Count 2 in

22     the indictment in 15-545 and the one count information in

23     16-0172.  At the time of sentencing, the government agrees

24     that it will dismiss any outstanding other charges against you

25     that relate to these two matters, which you are pleading

```
 1    guilty, and not otherwise prosecute you in relation to these
 2    matters.  The government agrees that it will recommend the
 3    sentence that it deems appropriate under the sentencing laws
 4    at the time of sentencing.  The sealed supplement to the plea
 5    agreement is also a part of the agreement.  We will discuss
 6    the sealed supplement separately under seal.
 7              Have I correctly summarized the agreement, Mr.
 8    Martinez?
 9              MR. MARTINEZ:  You have, Your Honor.
10              THE COURT:  Mr. Purpura?
11              MR. PURPURA:  Yes, Your Honor.
12              THE COURT:  Most importantly, Mr. White, have I
13    correctly summarized your plea agreement?
14              THE DEFENDANT:  Yes, Your Honor.
15              THE COURT:  Do you understand that the Government's
16    Exhibit No. 1, together with the sealed supplement, sets out
17    the entire agreement that you've made with the government and
18    that there are no other agreements or promises that have been
19    made?
20              THE DEFENDANT:  Yes.
21              THE COURT:  Has anybody made any promises or
22    assurances to you, that are not set out in the plea agreement
23    or the sealed supplement, to persuade you to accept this
24    agreement?
25              THE DEFENDANT:  No, they haven't.
```

```
1              THE COURT:  Has anybody made any threats or used any
2     force or violence against you, or someone close to you, in
3     order to persuade you to accept this agreement?
4              THE DEFENDANT:  No.
5              THE COURT:  Do you understand the Court is not a
6     party to agreement?
7              THE DEFENDANT:  Yes, I do.
8              THE COURT:  Do you understand that to the extent the
9     terms of the plea agreement allow the parties to make
10    sentencing recommendations to the Court, that I can reject
11    those recommendations without permitting you to withdraw your
12    plea of guilty?
13             THE DEFENDANT:  I do.
14             THE COURT:  Do you understand that I may impose a
15    sentence that is more severe than what you may be expecting?
16             THE DEFENDANT:  Yes.
17             THE COURT:  Are you pleading guilty of your own free
18    will on these two cases because you are guilty of both?
19             THE DEFENDANT:  Yes.
20             THE COURT:  The offenses to which you're proposing
21    to plead guilty are felony offenses.  If I accept your guilty
22    pleas, you will be adjudged guilty of those two offenses.  And
23    those adjudications may deprive you of valuable civil rights,
24    such as the right to vote, the right to hold public office,
25    the right to serve on a jury, the right to obtain or keep
```

1    certain benefits like student loans or public housing, the

2    right to obtain certain permits and licenses, and the right to

3    possess any kind of firearm.  Do you understand that you may

4    lose all of those rights if you plead guilty?

5              THE DEFENDANT:  Yes, I do.

6              THE COURT:  Immigration status advisement necessary,

7    Mr. Martinez?

8              MR. MARTINEZ:  No, Your Honor.

9              THE COURT:  Mr. Purpura, do you believe your client

10   is, in fact, a U.S. citizen?

11             MR. PURPURA:  Yes, Your Honor.

12             THE COURT:  Okay.  Maximum possible penalty on

13   count -- on Count 2 in 1545 is ten years imprisonment.  Do you

14   understand that, Mr. White?

15             THE DEFENDANT:  Yes.

16             THE COURT:  The maximum possible penalty on the

17   one-count information in case number 16-0172 is also ten

18   years, do you understand that?

19             THE DEFENDANT:  Yes, I do.

20             THE COURT:  Ten years in prison, you understand

21   that?

22             THE DEFENDANT:  Yes.

23             THE COURT:  Do you understand that if you were

24   ordered incarcerated, that as a part of your sentence you will

25   be ordered to serve terms of supervised release with a maximum

1    term of three years per count after you're released from

2    incarceration?

3              THE DEFENDANT:  Yes.

4              THE COURT:  Do you understand that while on

5    supervised release you will be subject to supervision, and

6    that you'll be required to comply with certain conditions?

7              THE DEFENDANT:  Yes.

8              THE COURT:  Do you understand that if you violate

9    the terms and conditions of supervised release, that you could

10   be returned to prison for a term that may be as great as the

11   term of supervised release, and that upon return to prison you

12   may not be given credit for your street time?

13             THE DEFENDANT:  Yes, I do.

14             THE COURT:  Do you understand that you may be

15   required to pay a fine with maximum amount of $250,000 per

16   count, for a total of $500,000, as an additional consequence

17   if your two guilty pleas are accepted?

18             THE DEFENDANT:  Yes.

19             THE COURT:  Do you understand that the Court may

20   also order you to pay restitution to any victims of your

21   offenses?

22             THE DEFENDANT:  Yes.

23             THE COURT:  Do you understand that the Court will

24   require you to forfeit certain property to the government if

25   your guilty plea is accepted?

1              THE DEFENDANT:  Yes, I do.

2              THE COURT:  And are the items to be forfeited set

3    out in the plea agreement, and do they consist of ammunition

4    and a flare gun, a .22 caliber handgun, an unknown firearm,

5    all these things that are set out in the plea agreement

6    paragraph 7.  Is that all right, Mr. White?

7              THE DEFENDANT:  Yes.

8              THE COURT:  Do you understand that if you're

9    currently on probation, parole, or supervised release, or you

10   were at the time of the offenses to which you're pleading

11   guilty, you may be subject to the imposition of additional

12   incarceration for violation of probation, parole, or

13   supervised release, in the court that initially imposed that

14   penalty, as a result of your conviction in this case in this

15   court?

16             THE DEFENDANT:  Yes.

17             THE COURT:  Client backing up any time, Mr. Purpura?

18             MR. PURPURA:  No, Your Honor.

19             THE COURT:  Mr. White, do you understand that you

20   must pay a special assessment of $100 per count for a total of

21   $200 if your guilty pleas are accepted?

22             THE DEFENDANT:  Yes.

23             THE COURT:  Do you understand that the Court may

24   order you to provide notice of your convictions to certain

25   third parties, including victims, if your guilty pleas are

1    accepted?

2              THE DEFENDANT:  Yes.

3              THE COURT:  Do you understand all these possible

4    consequences of your guilty pleas?

5              THE DEFENDANT:  I do, Your Honor.

6              THE COURT:  Your sentence will be determined by the

7    Court after consulting the United States Sentencing

8    Guidelines, which are advisory, after considering possible

9    departures from those guidelines as permitted in federal

10   sentencing law, and after considering other sentencing factors

11   that are set out in Title 18 of the United States Code,

12   Section 3553(a).  Have you and your lawyer talked about how

13   the sentencing guidelines might apply in your case?

14             THE DEFENDANT:  Yes, Your Honor.

15             THE COURT:  So there's no guideline computation set

16   out in the plea agreement?

17             MR. MARTINEZ:  Your Honor, I believe it's --

18             THE COURT:  Is it integrated in the statement of

19   facts?

20             MR. MARTINEZ:  It's paragraph 11 on page 6.

21             THE COURT:  I've got it now.  So base offense level

22   of 20, on the ammunition.  Base offense level of 6 on the

23   health care fraud issue.  That one comes up eight levels to a

24   14, because the loss was more than $95,000, but less than

25   $150,000.  The offenses do not group.  So the combined offense

1    level for the two offenses is 21.  No other upward adjustments

2    are appropriate.  Three levels off for acceptance.  Leaves us

3    at an offense level of 18.  That's the agreement of the

4    parties, Mr. Martinez?

5                MR. MARTINEZ:  That's correct, Your Honor.

6                THE COURT:  Mr. Purpura?

7                MR. PURPURA:  Yes, Your Honor.

8                THE COURT:  Mr. White, do you understand what I'm

9    even talking about?

10               THE DEFENDANT:  Yes, Your Honor, the guidelines.

11               THE COURT:  You've been through the Federal

12   Sentencing Guidelines with your lawyer?

13               THE DEFENDANT:  I have.

14               THE COURT:  And so this computation that I just

15   recited here in open court, were you following me?

16               THE DEFENDANT:  Yes.

17               THE COURT:  And does that make sense to you, based

18   on your understanding of the guidelines as your lawyer's

19   explained it all to you?

20               THE DEFENDANT:  Yes, Your Honor.

21               THE COURT:  What Criminal History Category do you

22   think your client's in, Mr. Purpura?

23               MR. PURPURA:  I, Your Honor.

24               THE COURT:  What do you think, Mr. Martinez?

25               MR. MARTINEZ:  I think that's correct.  It could be

II.

          THE COURT:  So what, he's got a prior, obviously, or

he wouldn't be a prohibited person.  Did it time out?

          MR. MARTINEZ:  He has a 2010 conviction for

possession with intent to distribute Oxycodone that was

entered in state court.  And I believe that may, depending on

the time he served for that conviction, may bump him into

Category II.

          THE COURT:  I don't see how it couldn't be a II,

even if it's just a two-pointer.

          MR. PURPURA:  It is II, Your Honor.  For some reason

I thought it was a completely suspended sentence, but it was

not.

          THE COURT:  All right.  So offense level 18,

Criminal History Category II, the advisory guidelines range is

30 to 37 months of incarceration.  Are you familiar with that,

Mr. White?

          THE DEFENDANT:  Yes.

          THE COURT:  Do you understand that the Court will

not be able to finally determine the guidelines range for your

case until after the presentence report has been completed,

and after you and the government have had an opportunity to

challenge the computation, the reported facts, and the

proposed application of the guidelines by the probation

department?

1              THE DEFENDANT:  Yes.

2              THE COURT:  Do you understand that any criminal

3     history you may have will affect the computation of the

4     Sentencing Guidelines in your case?

5              THE DEFENDANT:  I do.

6              THE COURT:  Do you understand that in addition to

7     considering the sentencing guidelines, and any departures from

8     the guidelines, that under 18, United States Code, Section

9     3553(a), the Court will apply additional factors set out

10    there, and then may impose a sentence that is either greater

11    or lesser than that specified by the sentencing guidelines and

12    any departures thereunder?

13             THE DEFENDANT:  Yes, I do.

14             THE COURT:  Do you understand that the sentence

15    ultimately imposed may be different from any estimate that

16    your lawyer may have provided to you?

17             THE DEFENDANT:  Yes.

18             THE COURT:  Do you understand that parole's been

19    abolished and that if you are sentenced to a term of

20    incarceration you will not be released on parole?

21             THE DEFENDANT:  Yes.

22             THE COURT:  Ordinarily, when a person is convicted

23    of an offense in federal court they have a right to appeal

24    their conviction and to appeal their sentence; do you know

25    that.

1              THE DEFENDANT:  Yes.

2              THE COURT:  Have you talked to your lawyer about

3     that?

4              THE DEFENDANT:  I have.

5              THE COURT:  Do you understand that under the terms

6     of this plea agreement you are waiving or giving up your right

7     to appeal both your conviction and your sentence?

8              THE DEFENDANT:  Yes.

9              THE COURT:  Do you understand that you're not

10    required to plead guilty in these two cases?

11             THE DEFENDANT:  Yes.

12             THE COURT:  Do you understand that you could plead

13    guilty in one case and not guilty in the other case?

14             THE DEFENDANT:  Yes, I do.

15             THE COURT:  Do you understand that you have the

16    right to plead not guilty to any offense charged against you

17    and to persist in that not guilty plea.

18             THE DEFENDANT:  Yes, I do.

19             THE COURT:  Do you understand if you pled not guilty

20    then you would then have the right to a trial by jury?

21             THE DEFENDANT:  Yes.

22             THE COURT:  Do you understand that your lawyer and

23    the government's lawyer would assist me in selecting 12

24    members of the community, who would be brought into this

25    courtroom, seated in this jury box over here to your left, and

1    who would serve as your jury?

2              THE DEFENDANT:  Yes.

3              THE COURT:  Do you understand that at trial you

4    would be presumed to be innocent, and that the government

5    would be required to prove your guilt beyond a reasonable

6    doubt, to the unanimous satisfaction of the jury, and if the

7    government couldn't do that, you couldn't be convicted in the

8    case?

9              THE DEFENDANT:  Yes.

10             THE COURT:  Do you understand that at trial and

11   every other critical stage of the proceedings in your case,

12   you are entitled to the assistance of a competent attorney, to

13   assist you, to advise you, to represent you, and to advocate

14   for you?

15             THE DEFENDANT:  Yes.

16             THE COURT:  Do you understand that if you could not

17   afford an attorney one will be appointed to represent you at

18   no cost to you?

19             THE DEFENDANT:  Yes.

20             THE COURT:  Mr. Purpura, appointed or retained?

21             MR. PURPURA:  Appointed, Your Honor.

22             THE COURT:  So, in fact, an appointed lawyer, that's

23   already happened in your case.  Mr. Purpura was appointed to

24   represent you, you haven't had to pay him anything; right?

25             THE DEFENDANT:  That's correct.

1          THE COURT:  Do you understand that during your trial

2     you would have the right to see and hear all the witnesses,

3     and that you and your lawyer would be permitted to question or

4     cross-examine all the witnesses testifying against you?

5          THE DEFENDANT:  Yes.

6          THE COURT:  Do you understand that you would have

7     the right to present the testimony of your own witnesses.  And

8     if those witnesses would not come to court voluntarily, you

9     would be permitted to subpoena them and force them to come to

10    court?

11         THE DEFENDANT:  Yes.

12         THE COURT:  Do you understand that you would have

13    the right to testify yourself during your trial?

14         THE DEFENDANT:  Yes.

15         THE COURT:  Do you understand that you would also

16    have the right to decline to testify.  And that if you did so

17    decline, the fact that you did not testify during your trial

18    could not be held against you in any way?

19         THE DEFENDANT:  Yes.

20         THE COURT:  In fact, do you understand if you

21    elected to present no defense at all at trial, that could not

22    be held against you?

23         THE DEFENDANT:  Yes.

24         THE COURT:  Do you understand that if you were

25    convicted after a trial you could appeal that conviction to a

1    higher court?

2            THE DEFENDANT:  Yes.

3            THE COURT:  Do you understand that after you enter a

4    plea of guilty, if that plea is accepted by the Court, there

5    will be no trial, and you will have waived or given up your

6    right to trial, as well as the other rights associated with a

7    trial as I have just described them?

8            THE DEFENDANT:  Yes.

9            THE COURT:  You've indicated that you intend to

10   plead guilty to Count 2 of the indictment in the 15-545 case

11   and to the one count information in the 16-0172 case; right?

12           THE DEFENDANT:  Yes.

13           THE COURT:  I want to review with you now then the

14   essential elements of these two charges.  These are the things

15   that the government would have to prove in order for you to be

16   convicted in the case.  First, in the 15-545 matter.  First,

17   the government would have to prove that the misconduct

18   occurred on or about October 25, 2015.  Second, they'd have to

19   prove it happened at least in part in the District of

20   Maryland.  Third, they'd have to prove that you knowingly

21   possessed ammunition as that term is defined in federal law.

22   Fourth, they'd have to prove that prior to the date on which

23   this allegedly occurred, that you had been convicted of a

24   crime punishable by imprisonment, for a term exceeding one

25   year, and that your civil rights had not been restored.

1    Fifth, they'd have to prove that the ammunition involved here

2    affected interstate commerce.  Specifically, in this case,

3    because it was manufactured outside the state of Maryland.

4          In the second case, which is numbered 16-0172, the

5    government would have to prove this misconduct occurred

6    between September of 2011 and September of 2015.  Second,

7    they'd have to prove that it occurred at least in part in the

8    District of Maryland.  Third, they'd have to prove that you

9    knowingly executed a scheme to defraud a health care benefit

10   program by means of false fraudulent pretenses,

11   representations, or promises.  Fourth, they'd have to prove

12   that the false or fraudulent pretenses, representations, or

13   promises related to a material fact.  Fifth they'd have to

14   prove that you acted willfully and that you intended to

15   defraud.  And sixth, they'd have to prove that you did all of

16   this in connection with the delivery of or payment for health

17   care benefits, items or services.

18         Do you understand that these are the essential

19   elements of the two offenses, and if the government could not

20   prove each and every one of the elements beyond a reasonable

21   doubt, to the unanimous satisfaction of the jury, then you

22   could not be convicted on the count with respect to which they

23   had failed to prove one of the elements?

24         THE DEFENDANT:  Yes.

25         THE COURT:  Before I can accept your guilty pleas I

must be satisfied that there is a factual basis for the two
guilty pleas.  I note that a factual basis is set out,
beginning on page 5 and carrying over to page 6 of the plea
agreement.  You've read that carefully, is that true, Mr.
White?

THE DEFENDANT:  Yes, I have.

THE COURT:  And this factual basis is something that
you admit is true and you've agreed should be made a part of
the record, and you've signed off on it as something you
believe the government could prove; is that it?

THE DEFENDANT:  Yes.

THE COURT:  Mr. Martinez, you may proffer what you
believe is the factual basis for the guilty plea.

MR. MARTINEZ:  Yes, Your Honor.  If this matter
proceeded to trial the government would prove that on the 5th
of October, 2015, DEA agents executed a search warrant at Mr.
White's residence in Rosedale, Maryland.  While searching the
residence the agents recovered 420 rounds of .45 Colt
ammunition as well as four rounds of .410 gauge rifled slug
hallow point ammunition.

Mr. White admits today, Your Honor, that prior to
October 5th of 2015, he had been convicted of a crime
punishable by imprisonment for a term exceeding one year and
his civil rights had not been restored.  He further admits
that the ammunition recovered from his home was ammunition as

1    defined under federal law and it affected interstate commerce.

2         Mr. White further admits, and this relates to the

3    16-0172 matter, that between in or about September 2011 and in

4    or about September 2015, he knowingly and unlawful obtained

5    prescriptions for oxycodone and hydrocodone from Dr. Paul

6    Frank Ginnandrea of Lutherville, Maryland.  Mr. White obtained

7    the prescriptions by willfully misrepresenting his medical

8    condition, including specifically his ability to walk without

9    the assistance of canes, which he claimed was a symptom of

10   ALS, for the sole purpose of inducing Dr. Ginnandrea to issue

11   prescriptions for which Mr. White had no legitimate medical

12   need.  If this matter proceeded to trial, Dr. Ginnandrea would

13   have testified that but for the defendant's false

14   representations regarding his medical condition, Dr.

15   Ginnandrea would not have issued prescriptions to Mr. White

16   for Schedule II narcotics, such as hydrocodone and oxycodone.

17        Medicare records indicate that between September

18   2011 to February 2014, Dr. Ginnandrea typically prescribed Mr.

19   White 1,800 oxycodone 30 milligram pills a month, for a total

20   of 59,310 dosage units.  Similarly, from August of 2014

21   through December of 2015, Dr. Ginnandrea typically prescribed

22   Mr. White 1,500 Zohydro 50 milligram pills per month, for a

23   total of 20,850 dosage units.  The active ingredient in

24   Zohydro is hydrocodone.  Medicare records indicate that it

25   paid $142,911 for prescriptions issued by Dr. Ginnandrea to

1    Mr. White between September 2011 and September 2015.  As the

2    Court knows, Medicare is a federally funded health care

3    benefit program, it provides services to the elderly and

4    disabled.

5            THE COURT:  What's the status of Dr. Ginnandrea's

6    license?

7            MR. MARTINEZ:  We're not in a position to comment on

8    that.  As far as we know, he's still practicing, Your Honor.

9            THE COURT:  If there was a trial in this case, Mr.

10    White, could the government prove those facts?

11            THE DEFENDANT:  Yes, Your Honor.

12            THE COURT:  In conducting proceedings under Rule 11

13    of the Federal Rules of Criminal Procedure, in every case this

14    court proceeds to an in camera segment, the transcript of

15    which is sealed, in order to determine the content of the

16    sealed supplement to the plea agreement.  This portion of the

17    proceedings is sealed and the record shall remain sealed until

18    I order otherwise.

19            (Conference at the bench.  It is the policy of this

20    court that every guilty plea and sentencing proceeding include

21    a bench conference concerning whether the defendant is or is

22    not cooperating.)

23            THE COURT:  Mr. White, do you understand that if I

24    accept your two guilty pleas I will refer your case to the

25    U.S. probation office for this district, and direct them to

```
1    prepare a presentence report, and only after I've reviewed the
2    contents of that report, and only after the government and you
3    and your lawyer have had the opportunity to respond to the
4    report, only then will I impose sentence in your case, do you
5    understand?
6              THE DEFENDANT:  Yes.
7              THE COURT:  So we started out half an hour ago with
8    me asking how you wanted to plead to these two charges and you
9    told me you wanted to plead guilty.  I told you then I
10   couldn't accept your guilty plea, at least not at that moment,
11   on either count, but instead had to ask you a series of
12   questions, and listen to the answers that you supplied to me;
13   right?
14             THE DEFENDANT:  Yes.
15             THE COURT:  And that's what we've been doing for the
16   last 30 minutes; right?
17             THE DEFENDANT:  We have.
18             THE COURT:  And the point of that exercise is to
19   allow me, through questioning you and listening to your
20   answers, to ascertain whether or not I think you really know
21   what you're doing in here today, right?
22             THE DEFENDANT:  Yes.
23             THE COURT:  I want to make sure you understand your
24   rights.  That you understand what you're charged with, that
25   you understand what the penalties potentially are, that you
```

1   understand that you don't have to plead guilty to anything,

2   that you have the right to have a trial, how that trial would

3   be conducted.  We talked about the sentencing laws.  We talked

4   about your appellate rights.  I talked with you about your

5   relationship with your lawyer and made sure that it was sound.

6   We covered a lot of ground; right?

7           THE DEFENDANT:  Yes, we have.

8           THE COURT:  But now you have satisfied me that you

9   do know you're doing, that you do understand your rights, that

10  these two guilty pleas are what you really want to do.  So I'm

11  ready to circle back in a second and ask you again how you

12  plead to these two charges, but this time when I ask you and

13  get your answer, it's for keeps.  It's irrevocable.  Are you

14  with me?

15          THE DEFENDANT:  I'm with you, sir.

16          THE COURT:  Okay.  Then in case No. JKB-16-0172, as

17  to Count 2 of the indictment that has -- well, let's start

18  over.  As to case number JKB-15-545, as to Count 2 of the

19  indictment that has been returned against you, how do you

20  plead, guilty or not guilty?

21          THE DEFENDANT:  Guilty, Your Honor.

22          THE COURT:  And as to case number JKB-16-0172, as to

23  the one count information, how do you plead, guilty or not

24  guilty?

25          THE DEFENDANT:  Guilty, Your Honor.

1          THE COURT:  It's the finding of the Court in these

2      two cases of the United States versus Ryan Dark White, the

3      first JKB-15-545 and the second JKB-16-0172, that the

4      defendant is fully competent and capable of entering informed

5      pleas, that the defendant is aware of the nature of the

6      charges and the consequences of the guilty pleas, that the

7      guilty pleas are knowing and voluntary pleas supported by

8      independent bases in fact, containing each of the essential

9      elements of the two offenses.  The pleas are, therefore,

10     accepted and the defendant is now adjudged guilty of these two

11     offenses.

12          A written presentence report will be prepared by the

13     probation office, the defendant is instructed to provide the

14     probation office with the information that it requests as it

15     prepares that report.  The defendant's attorney may be present

16     when the probation officer interviews the defendant.  The

17     defendant and his attorney will be permitted to read the

18     presentence report and file any objections to that report

19     before the sentencing hearing.  During the sentencing hearing

20     the defendant and his attorney shall have the right to speak,

21     to allocute, before sentence is imposed.

22          Mr. Martinez, are there any victims of this of

23     either offense present, and if so, do they wish to speak?

24          MR. MARTINEZ:  No, Your Honor.

25          THE COURT:  Similarly, if any victims are present at

1    the time of sentencing, they will be afforded an opportunity

2    to address the Court.

3            I take it that the defendant was previously ordered

4    detained and that the government thinks that that detention

5    should continue?

6            MR. MARTINEZ:  That's correct, Your Honor.

7            THE COURT:  I take it the defendant raises no

8    objection to that at this time?

9            MR. PURPURA:  No, Your Honor.

10           THE COURT:  The defendant will remain in custody.

11   The parties have requested an expedited sentencing order; is

12   that right, Mr. Purpura?

13           MR. PURPURA:  Your Honor, we agreed on I think July

14   22nd, date.

15           THE COURT:  All right.  Well, that is an expedited

16   date.  So I wanted to make sure it's expressly requested by

17   your side that an expedited schedule with the modification of

18   the normal dates and deadlines and time periods to which

19   you're entitled, that's all at your request?

20           MR. PURPURA:  Yes, Your Honor.

21           THE COURT:  I propose then a sentencing date of July

22   22nd, 2016 at 2:00 o'clock in the afternoon.  Mr. Purpura, is

23   that convenient?

24           MR. PURPURA:  Yes, Your Honor.

25           THE COURT:  Mr. Martinez?

1            MR. MARTINEZ:  Yes, Your Honor.

2            THE COURT:  I've entered an expedited sentencing

3    order in both cases JKB-15-545 and JKB-16-0172, setting that

4    date and time for the sentencings in each of the two cases.

5    The expedited sentencing order is made a part of the record in

6    this case.

7            Is there anything else we can productively address

8    today, Mr. Martinez?

9            MR. MARTINEZ:  No, thank you, Your Honor.

10            THE COURT:  Mr. Purpura?

11            MR. PURPURA:  No.  Thank you, Your Honor.

12            THE COURT:  Very well.  The defendant's remanded to

13    the custody of the United States Marshal pending sentencing.

14    Counsel are excused.  Court's in recess.  We're off the

15    record.  Thank you, Counsel.

16            (The proceedings were concluded.)

17

18            I, Christine Asif, RPR, FCRR, do hereby certify that
     the foregoing is a correct transcript from the stenographic
     record of proceedings in the above-entitled matter.

19

20            _____/s/_____
                 Christine T. Asif
                Official Court Reporter

21

22

23

24

25

< Dates >.
December 4th 3:1.
February 2014
  25:18.
July 22nd 30:13.
July 22nd, 2016
  30:21.
October 15th, 2015
  2:24.
October 25, 2015
  22:18.
October 5, 2015
  5:11.
October 5th 24:22.
October, 2015
  24:16.
September 11 6:1.
September 2011 25:3,
  25:17, 26:1.
September 2015 6:2,
  25:4, 26:1.
$100 14:20.
$142,911 6:9,
  25:25.
$150,000. 15:25.
$200 14:21.
$250,000 13:15.
$500,000 13:16.
$95,000 15:24.
.22 14:4.
.410 5:17, 24:19.
.45 5:16, 24:18.
.
.
< 1 >.
1 8:9, 10:16.
1,500 25:22.
1,800 25:19.
10. 8:15.
101 1:48.
11 15:20, 26:12.
12 19:23.
1347. 6:11.
14 15:24.
15-0545 5:4, 5:9.
15-545 3:8, 8:9,
  9:22, 22:10,
  22:16.
1545 12:13.
16-0172 3:11, 4:9,

4:12, 5:7, 8:10,
  12:17, 22:11,
  23:4, 25:3.
16-0172. 5:25,
  9:23.
172 2:23.
18 5:18, 6:11,
  15:11, 17:14,
  18:8.
18. 16:3.
.
.
< 2 >.
2 3:3, 5:9, 9:21,
  12:13, 22:10,
  28:17, 28:18.
20 15:22.
20,850 25:23.
2010 17:4.
2011 23:6.
2014 25:20.
2015 24:22, 25:21.
2015. 3:1, 23:6.
2016 1:19.
21. 16:1.
21201 1:49.
2:00 30:22.
.
.
< 3 >.
30 17:16, 25:19,
  27:16.
3553(a 15:12,
  18:9.
37 17:16.
.
.
< 4 >.
420 5:16, 24:18.
48 5:2.
4th 1:48.
.
.
< 5 >.
5 24:3.
50 25:22.
545 3:6.
59,310 25:20.
5th 24:15.
.

.
< 6 >.
6 15:20, 15:22,
  24:3.
.
.
< 7 >.
7. 14:6.
.
.
< 9 >.
9 8:11.
922(g)(1 5:19.
_____/s/_____
  _____ 31:22.
.
.
< A >.
a/k/a 5:12.
ability 25:8.
able 6:19, 17:20.
abolished 18:19.
above-entitled
  31:20.
accept 6:15, 10:23,
  11:3, 11:21,
  23:25, 26:24,
  27:10.
acceptance 16:2.
accepted 4:12,
  13:17, 13:25,
  14:21, 15:1, 22:4,
  29:10.
acknowledged 4:10.
acted 23:14.
active 25:23.
addiction 7:7.
addition 18:6.
additional 13:16,
  14:11, 18:9.
address 30:2,
  31:7.
adjudged 11:22,
  29:10.
adjudications
  11:23.
adjustments 16:1.
admit 24:8.
admits 24:21, 24:24,
  25:2.

adopt 9:5.
advice 7:23.
advise 20:13.
advisement 12:6.
advisory 8:22, 15:8,
   17:15.
advocate 8:1,
   20:13.
affect 18:3.
affected 23:2,
   25:1.
affecting 5:15.
afford 20:17.
afforded 30:1.
afternoon 30:22.
afterwards 9:4.
agents 24:16,
   24:18.
ago 27:7.
agree 8:21.
agreed 9:21, 24:8,
   30:13.
agreement 8:4, 8:18,
   9:8, 9:12, 9:16,
   9:18, 9:20, 10:5,
   10:7, 10:13,
   10:17, 10:22,
   10:24, 11:3, 11:6,
   11:9, 14:3, 14:5,
   15:16, 16:3, 19:6,
   24:4, 26:16.
agreements 10:18.
agrees 9:23, 10:2.
alcohol 7:7.
alcoholic 7:10.
allegedly 22:23.
allocute 29:21.
allow 6:21, 11:9,
   27:19.
already 3:7,
   20:23.
ALS 25:10.
Ambrose 5:13.
AMERICA 1:5.
ammunition 5:15,
   5:17, 5:18, 14:3,
   15:22, 22:21,
   23:1, 24:19,
   24:20, 24:25.
amount 6:8, 13:15.

answer 6:23,
   28:13.
answers 6:17, 6:23,
   27:12, 27:20.
anybody 10:21,
   11:1.
appeal 18:23, 18:24,
   19:7, 21:25.
appeared 2:25.
appellate 28:4.
application 17:24.
apply 15:13, 18:9.
Appointed 20:17,
   20:20, 20:21,
   20:22, 20:23.
appropriate 10:3,
   16:2.
April 22nd 1:19.
artifice 6:4.
ascertain 27:20.
Asif 1:46, 31:18,
   31:23.
assessment 14:20.
assist 19:23,
   20:13.
assistance 20:12,
   25:9.
associated 22:6.
assurances 10:22.
attempt 6:4.
attention 8:11.
Attorney 5:25, 7:17,
   8:20, 8:22, 8:24,
   20:12, 20:17,
   29:15, 29:17,
   29:20.
August 25:20.
AUSA 1:25.
aware 29:5.
.
.
< B >.
back 28:11.
backing 14:17.
Baltimore 1:20,
   1:49.
Base 15:21, 15:22.
based 16:17.
bases 29:8.
basis 24:1, 24:2,

   24:7, 24:13.
beginning 24:3.
behalf 2:12, 8:1.
believe 7:22, 7:25,
   12:9, 15:17, 17:6,
   24:10, 24:13.
bench 26:19,
   26:21.
benefit 23:9,
   26:3.
benefits 6:10, 12:1,
   23:17.
best 6:18.
beverage 7:10.
beyond 20:5,
   23:20.
born 4:24.
bound 8:12.
box 19:25.
Bredar 2:11.
brought 19:24.
bump 17:7.
.
.
< C >.
caliber 14:4.
call 2:3.
camera 26:14.
canes 25:9.
capable 29:4.
captioned 2:7.
care 6:8, 6:10,
   15:23, 23:9,
   23:17, 26:2.
carefully 6:18,
   8:19, 24:4.
carrying 24:3.
case 2:6, 3:3, 3:5,
   4:10, 4:13, 8:4,
   12:17, 14:14,
   15:13, 17:21,
   18:4, 19:13, 20:8,
   20:11, 20:23,
   22:10, 22:11,
   22:16, 23:2, 23:4,
   26:9, 26:13,
   26:24, 27:4,
   28:16, 28:18,
   28:22, 31:6.
cases 2:3, 2:9,

7:16, 8:9, 11:18,
19:10, 29:2, 31:3,
31:4.
Category 16:21,
17:8, 17:15.
certain 12:1, 12:2,
13:6, 13:24,
14:24.
certify 31:18.
challenge 17:23.
change 3:2, 8:23.
charge 3:22, 5:20,
6:12.
charged 3:21, 19:16,
27:24.
charges 5:11, 6:1,
6:16, 7:16, 9:24,
22:14, 27:8,
28:12, 29:6.
charging 4:13.
Chris 2:11.
Christine 1:46,
31:18, 31:23.
Christopher J.
Purpura 1:31.
circle 28:11.
citizen 12:10.
civil 11:23, 22:25,
24:24.
claimed 25:9.
CLERK 4:15, 4:20.
Client 2:17, 4:4,
7:13, 12:9, 14:17,
16:22.
close 11:2.
Code 5:19, 6:11,
15:11, 18:8.
College 7:3.
Colt 5:17, 24:18.
combined 15:25.
comes 15:23.
comfortable 2:18.
comment 26:7.
commerce 5:16, 23:2,
25:1.
community 19:24.
competent 7:13,
20:12, 29:4.
completed 17:21.
completely 8:23,

17:12.
comply 13:6.
computation 15:15,
16:14, 17:23,
18:3.
concerning 26:21.
concluded. 31:16.
conclusion 8:10.
condition 25:8,
25:14.
conditions 13:6,
13:9.
conducted 28:3.
conducting 26:12.
confer 6:21.
Conference 26:19,
26:21.
connection 6:9,
23:16.
consequence 13:16.
consequences 15:4,
29:6.
consider 6:17.
considering 15:8,
15:10, 18:7.
consist 14:3.
consulting 15:7.
containing 29:8.
content 26:15.
contents 27:2.
context 9:9.
continue 30:5.
control 6:7.
convenient 30:23.
convicted 5:13,
18:22, 20:7,
21:25, 22:16,
22:23, 23:22,
24:22.
conviction 14:14,
17:4, 17:7, 18:24,
19:7, 21:25.
convictions 14:24.
cooperating.
26:22.
copy 5:3, 5:6.
Correct 3:9, 3:10,
4:2, 8:5, 8:6,
16:5, 16:25,
20:25, 30:6,

31:19.
correctly 10:7,
10:13.
cost 20:18.
Counsel 9:9, 31:14,
31:15.
counseled 4:3.
Count 3:3, 5:9,
9:21, 9:22, 12:13,
13:1, 13:16,
14:20, 22:10,
22:11, 23:22,
27:11, 28:17,
28:18, 28:23.
courtroom 19:25.
covered 28:6.
credit 13:12.
crime 5:14, 22:24,
24:22.
Criminal 1:9, 2:6,
16:21, 17:15,
18:2, 26:13.
critical 20:11.
cross-examine
21:4.
currently 7:9,
14:9.
custody 6:7, 30:10,
31:13.
.
.
< D >.
Dark 2:8, 4:23,
5:12, 6:3, 29:2.
date 22:22, 30:14,
30:16, 30:21,
31:4.
dates 30:18.
DEA 24:16.
deadlines 30:18.
December 25:21.
decline 21:16,
21:17.
deems 10:3.
defense 9:8,
21:21.
defined 22:21,
25:1.
defraud 6:5, 23:9,
23:15.

delivery 6:9,
   23:16.
department 17:25.
departures 15:9,
   18:7, 18:12.
depending 17:6.
deprive 11:23.
described 22:7.
detained 30:4.
detention 30:4.
determine 17:20,
   26:15.
determined 15:6.
different 18:15.
difficulty 7:4.
direct 26:25.
Directing 8:11.
disabled 26:4.
discuss 9:12,
   10:5.
discussed 7:15.
dismiss 9:24.
distribute 17:5.
District 1:1, 1:2,
   5:10, 5:12, 5:25,
   6:2, 22:19, 23:8,
   26:25.
document 3:16, 4:13,
   8:12.
doing 27:15, 27:21,
   28:9.
dosage 25:20,
   25:23.
doubt 20:6, 23:21.
drug 7:7, 7:10.
During 21:1, 21:13,
   21:17, 29:19.
.
.
< E >.
effective 8:1.
eight 15:23.
either 18:10, 27:11,
   29:23.
elderly 26:3.
elected 21:21.
elements 22:14,
   23:19, 23:20,
   23:23, 29:9.
ending 3:6.

enter 22:3.
entered 3:1, 17:6,
   31:2.
entering 29:4.
entire 10:17.
entitled 20:12,
   30:19.
Esquire 1:31.
essential 22:14,
   23:18, 29:8.
estimate 18:15.
everyone 8:11.
Everything 3:8.
exceeding 5:14,
   22:24, 24:23.
excused 31:14.
execute 6:4.
executed 23:9,
   24:16.
exercise 27:18.
Exhibit 8:9,
   10:16.
expecting 11:15.
expedited 30:11,
   30:15, 30:17,
   31:2, 31:5.
explained 16:19.
expressly 30:16.
extent 11:8.
.
.
< F >.
fact 12:10, 20:22,
   21:17, 21:20,
   23:13, 29:8.
factors 15:10,
   18:9.
facts 15:19, 17:23,
   26:10.
factual 8:22, 24:1,
   24:2, 24:7,
   24:13.
failed 23:23.
false 6:5, 6:25,
   23:10, 23:12,
   25:13.
falsely 6:23.
familiar 17:16.
far 7:2, 26:8.
FCRR 1:46, 31:18.

Federal 1:47, 15:9,
   16:11, 18:23,
   22:21, 25:1,
   26:13.
federally 26:2.
feel 4:6.
felony 3:22,
   11:21.
Fifth 23:1, 23:13.
file 4:11, 29:18.
filed 2:24, 5:7,
   8:9.
filing 4:12.
finally 17:20.
finding 29:1.
fine 13:15.
firearm 12:3,
   14:4.
First 22:16, 29:3.
flare 14:4.
Floor 1:48.
following 16:15.
follows 5:10.
force 11:2, 21:9.
foregoing 31:19.
forfeit 13:24.
forfeited 14:2.
four 5:17, 24:19.
Fourth 22:22,
   23:11.
Frank 25:6.
fraud 15:23.
fraudulent 6:5,
   23:10, 23:12.
free 11:17.
Friday 1:19.
full 4:21.
fully 7:15, 9:15,
   29:4.
funded 26:2.
.
.
< G >.
gauge 5:17, 24:19.
general 7:17.
Ginnandrea 25:6,
   25:10, 25:12,
   25:15, 25:18,
   25:21, 25:25,
   26:5.

give 6:17.
given 7:22, 13:12,
  22:5.
giving 19:6.
Government 2:9,
  3:25, 4:11, 8:8,
  8:13, 9:23, 10:2,
  10:15, 10:17,
  13:24, 17:22,
  19:23, 20:4, 20:7,
  22:15, 22:17,
  23:5, 23:19,
  24:10, 24:15,
  26:10, 27:2,
  30:4.
Grand 3:21, 5:10.
great 13:10.
greater 18:10.
ground 28:6.
group 15:25.
guideline 15:15.
Guidelines 8:22,
  15:8, 15:9, 15:13,
  16:10, 16:12,
  16:18, 17:15,
  17:20, 17:24,
  18:4, 18:7, 18:8,
  18:11.
guilt 20:5.
gun 14:4.
.
.
< H >.
half 27:7.
hallow 24:20.
hand 4:17.
handgun 14:4.
happened 20:23,
  22:19.
health 6:7, 6:10,
  15:23, 23:9,
  23:16, 26:2.
hear 21:2.
hearing 29:19.
held 21:18, 21:22.
hereby 31:18.
herein 6:3.
higher 22:1.
History 16:21,
  17:15, 18:3.

hold 11:24.
hollow 5:18.
home 24:25.
Honorable 1:18.
hour 27:7.
housing 12:1.
hydrocodone 25:5,
  25:16, 25:24.
.
.
< I >.
II 17:1, 17:8, 17:9,
  17:11, 17:15,
  25:16.
illness 7:7.
immediately 8:16.
Immigration 12:6.
importantly 10:12.
impose 11:14, 18:10,
  27:4.
imposed 14:13,
  18:15, 29:21.
imposition 14:11.
imprisonment 5:14,
  12:13, 22:24,
  24:23.
incarcerated
  12:24.
incarceration 13:2,
  14:12, 17:16,
  18:20.
include 26:20.
including 6:2, 8:19,
  14:25, 25:8.
independent 29:8.
indicate 6:20, 9:4,
  25:17, 25:24.
indicated 22:9.
Indictment 2:23,
  3:16, 3:21, 4:9,
  5:4, 5:9, 7:16,
  9:22, 22:10,
  28:17, 28:19.
inducing 25:10.
influence 7:9.
information 3:12,
  4:1, 4:11, 5:7,
  5:24, 7:16, 9:22,
  12:17, 22:11,
  28:23, 29:14.

informed 29:4.
ingredient 25:23.
initially 14:13.
innocent 20:4.
instead 27:11.
instructed 29:13.
insurance 6:8.
integrated 15:18.
intend 22:9.
intended 23:14.
intent 17:5.
interstate 5:16,
  23:2, 25:1.
interviews 29:16.
involved 23:1.
irrevocable 28:13.
issue 15:23,
  25:10.
issued 25:15,
  25:25.
items 6:10, 14:2,
  23:17.
.
.
< J >.
James K. Bredar
  1:18.
JKB-15-0545 1:9.
JKB-15-545 2:6,
  28:18, 29:3,
  31:3.
JKB-16-0172 1:10,
  2:7, 28:16, 28:22,
  29:3, 31:3.
Jonathan 5:13.
Judge 2:11, 2:25.
Jury 3:21, 5:10,
  11:25, 19:20,
  19:25, 20:1, 20:6,
  23:21.
.
.
< K >.
keep 11:25.
keeps 28:13.
kind 7:10, 12:3.
knowing 29:7.
knowingly 5:15, 6:3,
  22:20, 23:9,
  25:4.

knows 26:2.
.
.
< L >.
last 27:16.
later 6:24.
law 15:10, 22:21,
   25:1.
laws 10:3, 28:3.
lawyer 6:20, 7:20,
   7:25, 9:13, 9:16,
   15:12, 16:12,
   16:18, 18:16,
   19:2, 19:22,
   19:23, 20:22,
   21:3, 27:3,
   28:5.
least 22:19, 23:7,
   27:10.
Leaves 16:2.
left 19:25.
legal 7:19, 8:1.
legitimate 25:11.
less 15:24.
lesser 18:11.
level 15:21, 15:22,
   16:1, 16:3,
   17:14.
levels 15:23,
   16:2.
license 26:6.
licenses 12:2.
listen 6:18,
   27:12.
listening 27:19.
loans 12:1.
Lombard 1:48.
lose 12:4.
loss 15:24.
lot 28:6.
Lutherville 25:6.
.
.
< M >.
magistrate 2:25.
Magtech 5:16.
manufactured 23:3.
marked 8:8.
Marshal 31:13.
MARTINEZ 2:3, 2:9,

8:3, 8:12, 10:8,
   12:7, 16:4, 16:24,
   24:12, 29:22,
   30:25, 31:8,
   31:9.
Maryland 1:2, 1:20,
   1:49, 5:10, 5:12,
   5:25, 6:2, 22:20,
   23:3, 23:8, 24:17,
   25:6.
material 23:13.
matter 22:16, 24:14,
   25:3, 25:12,
   31:20.
matters 2:12, 9:25,
   10:2.
Maximum 12:12,
   12:16, 12:25,
   13:15.
Mcgreevy 5:13.
Mcguiness 1:35.
means 6:5, 23:10.
medical 25:7, 25:11,
   25:14.
Medicare 6:8, 25:17,
   25:24, 26:2.
medication 7:10.
Melissa 1:35.
members 19:24.
mental 7:7.
milligram 25:19,
   25:22.
mind 7:12.
minutes 27:16.
misconduct 22:17,
   23:5.
misrepresenting
   25:7.
modification
   30:17.
moment 6:20,
   27:10.
money 6:6.
month 25:19,
   25:22.
months 17:16.
morning 2:2, 2:4,
   2:5, 2:8, 2:10,
   2:11, 2:17.
MR. MARTINEZ 2:5,

8:6, 8:14, 10:9,
   12:8, 15:17,
   15:20, 16:5,
   16:25, 17:4,
   24:14, 26:7,
   29:24, 30:6,
   31:1.
MR. PURPURA 2:11,
   2:19, 3:5, 3:10,
   3:14, 4:5, 4:8,
   7:14, 8:7, 9:10,
   10:11, 12:11,
   14:18, 16:7,
   16:23, 17:11,
   20:21, 30:9,
   30:13, 30:20,
   30:24, 31:11.
.
.
< N >.
name 4:21.
namely 6:8.
narcotics 25:16.
nature 29:5.
necessary 12:6.
need 6:19, 6:20,
   25:12.
No. 1:9, 8:9, 10:16,
   28:16, 31:11.
nonetheless 3:24.
normal 30:18.
NORTHERN 1:2.
note 24:2.
notice 14:24.
number 2:6, 3:5,
   12:17, 28:18,
   28:22.
numbered 23:4.
numbers 3:8.
.
.
< O >.
o'clock 30:22.
oath 6:22.
objection 30:8.
objections 29:18.
obtain 6:5, 11:25,
   12:2.
obtained 25:4,
   25:6.

obviously 17:2.
occurred 22:18,
    22:23, 23:5,
    23:7.
offense 15:21,
    15:22, 15:25,
    16:3, 17:14,
    18:23, 19:16,
    29:23.
offenses 11:20,
    11:21, 11:22,
    13:21, 14:10,
    15:25, 16:1,
    23:19, 29:9,
    29:11.
office 11:24, 26:25,
    29:13, 29:14.
officer 29:16.
Official 1:47,
    31:24.
Okay 2:23, 3:20,
    12:12, 28:16.
old 5:1.
one 5:14, 9:22,
    15:23, 19:13,
    20:17, 22:11,
    22:24, 23:20,
    23:23, 24:23,
    28:23.
one-count 12:17.
open 16:15.
opportunity 9:12,
    17:22, 27:3,
    30:1.
order 11:3, 13:20,
    14:24, 22:15,
    26:15, 26:18,
    30:11, 31:3,
    31:5.
ordered 12:24,
    12:25, 30:3.
Ordinarily 18:22.
otherwise 10:1,
    26:18.
outside 23:3.
outstanding 9:24.
own 11:17, 21:7.
owned 6:7.
Oxycodone 17:5,
    25:5, 25:16,

    25:19.
.
.
< P >.
page 8:11, 8:15,
    8:17, 15:20,
    24:3.
paid 25:25.
paragraph 8:16,
    14:6, 15:20.
parole 14:9, 14:12,
    18:18, 18:20.
part 4:10, 8:20,
    8:23, 10:5, 12:24,
    22:19, 23:7, 24:8,
    31:5.
parties 3:11, 11:9,
    14:25, 16:4,
    30:11.
party 11:6.
Paul 25:5.
pay 13:15, 13:20,
    14:20, 20:24.
payment 6:9,
    23:16.
penalties 27:25.
penalty 12:12,
    12:16, 14:14.
pending 2:3, 2:5,
    31:13.
per 13:1, 13:15,
    14:20, 25:22.
periods 30:18.
perjury 6:25.
permit 3:25.
permits 12:2.
permitted 15:9,
    21:3, 21:9,
    29:17.
permitting 11:11.
persist 19:17.
person 17:3,
    18:22.
persuade 10:23,
    11:3.
Peter 2:9.
Peter J. Martinez
    1:25.
pills 25:19,
    25:22.

Plaintiff 1:7,
    1:23.
plan 6:8.
plea 3:1, 3:3, 8:4,
    9:7, 9:12, 9:16,
    9:18, 9:20, 10:4,
    10:13, 10:22,
    11:9, 11:12,
    13:25, 14:3, 14:5,
    15:16, 19:6,
    19:17, 22:4, 24:3,
    24:13, 26:16,
    26:20, 27:10.
plead 3:3, 3:12,
    5:20, 6:12, 9:21,
    11:21, 12:4,
    19:10, 19:12,
    19:16, 22:10,
    27:8, 27:9, 28:1,
    28:12, 28:20,
    28:23.
pleading 9:25,
    11:17, 14:10.
pleas 6:15, 11:22,
    13:17, 14:21,
    14:25, 15:4,
    23:25, 24:2,
    26:24, 28:10,
    29:5, 29:6, 29:7,
    29:9.
Please 2:2, 4:14,
    4:21, 6:18,
    8:16.
pled 19:19.
point 5:18, 24:20,
    27:18.
policy 26:19.
portion 26:16.
position 26:7.
possess 5:15,
    12:3.
possessed 22:21.
possession 17:5.
possible 12:12,
    12:16, 15:3,
    15:8.
potentially 27:25.
practicing 26:8.
precedes 8:16.
prepare 27:1.

prepared 29:12.
prepares 29:15.
prescribed 25:18,
   25:21.
prescriptions 25:5,
   25:7, 25:11,
   25:15, 25:25.
Present 1:35, 21:7,
   21:21, 29:15,
   29:23, 29:25.
presentence 17:21,
   27:1, 29:12,
   29:18.
presumed 20:4.
pretenses 6:6,
   23:10, 23:12.
previously 5:13,
   30:3.
prior 17:2, 22:22,
   24:21.
prison 12:20, 13:10,
   13:11.
Probation 1:35,
   14:9, 14:12,
   17:24, 26:25,
   29:13, 29:14,
   29:16.
Procedure 26:13.
proceed 3:25,
   7:13.
proceeded 24:15,
   25:12.
proceeding 2:21,
   8:10, 26:20.
Proceedings 1:17,
   20:11, 26:12,
   26:17, 31:16,
   31:20.
proceeds 26:14.
productively 31:7.
proffer 24:12.
program 6:8, 23:10,
   26:3.
prohibited 17:3.
promises 6:6, 10:18,
   10:21, 23:11,
   23:13.
property 6:7,
   13:24.
propose 3:11,

   30:21.
proposed 17:24.
proposes 4:11.
proposing 11:20.
prosecute 10:1.
prosecution 6:24.
prove 20:5, 22:15,
   22:17, 22:19,
   22:20, 22:22,
   23:1, 23:5, 23:7,
   23:8, 23:11,
   23:14, 23:15,
   23:20, 23:23,
   24:10, 24:15,
   26:10.
provide 14:24,
   29:13.
provided 18:16.
provides 26:3.
public 11:24,
   12:1.
punishable 5:14,
   22:24, 24:23.
purpose 25:10.
Purpura 2:10, 2:12,
   2:18, 3:4, 3:13,
   4:3, 7:12, 8:3,
   9:7, 10:10, 12:9,
   14:17, 16:6,
   16:22, 20:20,
   20:23, 30:12,
   30:22, 31:10.
.
.
< Q >.
question 7:12,
   21:3.
questioning 27:19.
questions 6:16,
   6:18, 6:23,
   27:12.
.
.
< R >.
raise 4:16.
raises 30:7.
range 17:15,
   17:20.
re-arraignment
   2:8.

read 8:16, 8:18,
   9:12, 24:4,
   29:17.
reads 5:10.
ready 28:11.
really 27:20,
   28:10.
reason 17:11.
reasonable 20:5,
   23:20.
received 5:3, 5:6,
   7:20.
recently 7:6.
recess 31:14.
recited 16:15.
recommend 10:2.
recommendations
   11:10, 11:11.
record 4:10, 4:12,
   4:22, 24:9, 26:17,
   31:5, 31:15,
   31:20.
records 25:17,
   25:24.
recovered 24:18,
   24:25.
refer 26:24.
regard 4:4.
regarding 25:14.
reject 11:10.
relate 9:25.
related 23:13.
relates 3:8, 25:2.
relation 10:1.
relationship 28:5.
release 12:25, 13:5,
   13:9, 13:11, 14:9,
   14:13.
released 13:1,
   18:20.
remain 26:17,
   30:10.
remanded 31:12.
report 17:21, 27:1,
   27:2, 27:4, 29:12,
   29:15, 29:18.
reported 17:23.
Reporter 1:47,
   31:24.
represent 20:13,

20:17, 20:24.
representation 7:20,
   8:24.
representations 6:6,
   23:11, 23:12,
   25:14.
request 30:19.
requested 30:11,
   30:16.
requests 29:14.
require 13:24.
required 13:6,
   13:15, 19:10,
   20:5.
residence 24:17,
   24:18.
respect 5:24,
   23:22.
Respond 6:18,
   27:3.
response 6:17.
restitution 13:20.
restored 22:25,
   24:24.
result 14:14.
retained 20:20.
return 13:11.
returned 5:4, 13:10,
   28:19.
review 22:13.
reviewed 3:15, 8:19,
   8:21, 9:15,
   27:1.
rifled 5:18,
   24:19.
rights 4:7, 11:23,
   12:4, 22:6, 22:25,
   24:24, 27:24,
   28:4, 28:9.
Rosedale 24:17.
rounds 5:16, 5:17,
   24:18, 24:19.
RPR 1:46, 31:18.
Rule 26:12.
Rules 26:13.
Ryan 2:8, 2:12,
   2:14, 4:23, 5:12,
   6:2, 29:2.
RYAN DARK WHITE
   1:10.

.
.
< S >.
satisfaction 20:6,
   23:21.
satisfied 7:19,
   8:24, 24:1,
   28:8.
Schedule 25:16,
   30:17.
scheme 6:4, 23:9.
school 7:2.
seal 10:6.
sealed 8:19, 10:4,
   10:6, 10:16,
   10:23, 26:15,
   26:16, 26:17.
search 24:16.
searching 24:17.
seated 2:2, 4:15,
   4:16, 19:25.
Second 22:18, 23:4,
   23:6, 28:11,
   29:3.
Section 5:19, 6:11,
   15:12, 18:8.
segment 26:14.
selecting 19:23.
sense 16:17.
sentence 10:3,
   11:15, 12:24,
   15:6, 17:12,
   18:10, 18:14,
   18:24, 19:7, 27:4,
   29:21.
sentenced 18:19.
Sentencing 9:23,
   10:3, 10:4, 11:10,
   15:7, 15:10,
   15:13, 16:12,
   18:4, 18:7, 18:11,
   26:20, 28:3,
   29:19, 30:1,
   30:11, 30:21,
   31:2, 31:5,
   31:13.
sentencings 31:4.
separately 10:6.
September 23:6.
series 6:16,

27:11.
serve 11:25, 12:25,
   20:1.
served 17:7.
services 6:10,
   23:17, 26:3.
set 10:22, 14:2,
   14:5, 15:11,
   15:15, 18:9,
   24:2.
sets 10:16.
setting 31:3.
severe 11:15.
shall 26:17,
   29:20.
side 30:17.
sign 9:4.
signature 8:17.
signed 8:12, 9:7,
   9:13, 24:9.
Similarly 25:20,
   29:25.
Sir 2:14, 4:15, 7:5,
   8:25, 28:15.
sit 2:20.
sitting 2:18.
sixth 23:15.
slug 5:18, 24:19.
sole 25:10.
someone 11:2.
sound 28:5.
special 14:20.
Specifically 5:16,
   8:21, 23:2,
   25:8.
specified 18:11.
stage 20:11.
standard 9:8.
stands 2:12.
start 28:17.
started 27:7.
state 4:21, 17:6,
   23:3.
statement 6:25,
   8:25, 9:8,
   15:18.
States 1:1, 1:5,
   2:7, 5:19, 5:25,
   6:11, 15:7, 15:11,
   18:8, 29:2,

31:13.
status 12:6, 26:5.
stay 4:16.
stenographic
   31:19.
stipulation 8:22.
stop 6:19, 6:21.
Street 1:48,
   13:12.
student 12:1.
subject 13:5,
   14:11.
subpoena 21:9.
summarized 10:7,
   10:13.
supervised 12:25,
   13:5, 13:9, 13:11,
   14:9, 14:13.
supervision 13:5.
supplement 8:19,
   10:4, 10:6, 10:16,
   10:23, 26:16.
supplied 27:12.
supported 29:7.
suspended 17:12.
swear 4:14.
sworn. 4:18.
symptom 25:9.
.
.
< T >.
T. 1:46, 31:23.
talked 15:12, 19:2,
   28:3, 28:4.
Ten 12:13, 12:17,
   12:20.
term 5:14, 9:16,
   13:1, 13:10,
   13:11, 18:19,
   22:21, 22:24,
   24:23.
terms 8:13, 9:20,
   11:9, 12:25, 13:9,
   19:5.
testified 25:13.
testify 21:13,
   21:16, 21:17.
testifying 21:4.
testimony 21:7.
thereunder 18:12.

thinks 30:4.
Third 14:25, 22:20,
   23:8.
threats 11:1.
Three 13:1, 16:2.
Title 5:18, 6:10,
   15:11.
titled 3:16.
today 3:2, 3:12,
   7:13, 24:21,
   27:21, 31:8.
together 10:16.
total 13:16, 14:20,
   25:19, 25:23.
Transcript 1:17,
   26:14, 31:19.
transposed 3:7.
treated 7:6.
trial 19:20, 20:3,
   20:10, 21:1,
   21:13, 21:17,
   21:21, 21:25,
   22:5, 22:6, 22:7,
   24:15, 25:12,
   26:9, 28:2.
true 9:2, 24:4,
   24:8.
Turning 8:15.
two 2:3, 6:16, 9:25,
   11:18, 11:22,
   13:17, 16:1,
   19:10, 22:14,
   23:19, 24:1,
   26:24, 27:8,
   28:10, 28:12,
   29:2, 29:9, 29:10,
   31:4.
two-count 2:23.
two-pointer 17:10.
typically 25:18,
   25:21.
.
.
< U >.
U.S. 1:35, 12:10,
   26:25.
ultimately 18:15.
unanimous 20:6,
   23:21.
understanding 3:2,

3:4, 7:4, 16:18.
understands 4:6.
United 1:1, 1:5,
   2:7, 5:19, 5:25,
   6:11, 15:7, 15:11,
   18:8, 29:2,
   31:13.
units 25:20,
   25:23.
unknown 14:4.
unlawful 25:4.
until 17:21,
   26:17.
upward 16:1.
.
.
< V >.
valuable 11:23.
versus 2:7, 29:2.
victims 13:20,
   14:25, 29:22,
   29:25.
violate 13:8.
violation 5:18,
   6:10, 14:12.
violence 11:2.
voluntarily 8:21,
   21:8.
voluntary 29:7.
vote 11:24.
vs 1:8.
.
.
< W >.
W. 1:48.
waive 3:24.
waived 22:5.
Waiver 3:16, 4:9.
waiving 19:6.
walk 25:8.
wanted 27:8, 27:9,
   30:16.
warrant 24:16.
whether 7:13, 26:21,
   27:20.
White 2:8, 2:12,
   2:15, 3:15, 4:23,
   5:12, 6:3, 7:15,
   8:15, 9:11, 10:12,
   12:14, 14:6,

```
     14:19, 16:8,
     17:17, 24:5,
     24:17, 24:21,
     25:2, 25:6, 25:11,
     25:15, 25:19,
     25:22, 26:1,
     26:10, 26:23,
     29:2.
will 6:21, 8:8,
     9:24, 10:2, 10:5,
     11:18, 11:22,
     12:24, 13:5,
     13:23, 15:6,
     17:19, 18:3, 18:9,
     18:20, 20:17,
     22:5, 26:24, 27:4,
     29:12, 29:17,
     30:1, 30:10.
willfully 6:3,
     23:14, 25:7.
Winchester 5:17.
wish 8:23, 29:23.
wishes 3:2.
withdraw 11:11.
without 11:11,
     25:8.
witnesses 21:2,
     21:4, 21:7,
     21:8.
written 29:12.
.
.
< X >.
XX/XX/68 4:25.
.
.
< Y >.
year 5:15, 22:25,
     24:23.
years 12:13, 12:18,
     12:20, 13:1.
yourself 21:13.
.
.
< Z >.
zealous 8:1.
Zohydro 25:22,
     25:24.
```