IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIMINAL NO. JKB-15-0545<br>CIVIL NO. JKB-17-1710 |
| RYAN DARK WHITE, | * | |
| Defendant | * | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant's Motion to Vacate, Set Aside, or Correct Sentence / Coram Nobis. (Crim. No 15-545, ECF No. 50.) Defendant pled guilty to being a felon in possession of ammunition on April 22, 2016. (ECF No. 32.) He was sentenced on July 28, 2016, to twenty-seven months in prison and a three-year term of supervised release. (ECF No. 47.) He now complains he received ineffective assistance of counsel and that his proceedings were marked by prosecutorial misconduct. (Mot.)

The Court has reviewed the parties' various filings (ECF Nos. 60, 62, 63) and the record and finds the Government's response in opposition persuasive. Defendant does not persuade the Court that his conviction should be vacated. Accordingly, for the reasons stated in the Government's response, IT IS HEREBY ORDERED that Defendant's motion (ECF No. 50) IS DENIED.

A certificate of appealability may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). *See also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims

debatable or wrong. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003) (citing *Slack*, 529 U.S. at 484). Defendant has not met this standard and, consequently, the Court DECLINES to issue a certificate of appealability.

The Clerk SHALL SEAL ECF Nos. 62 and 63. The Clerk SHALL SEND a copy of this order to Defendant at the address he provided the Court in ECF No. 55.

SO ORDERED.

DATED this ___9___ day of November, 2017.

BY THE COURT:

_____
James K. Bredar
Chief Judge